**Roy BROSHEARS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 19, 1969.

Joe Nagle, Middlesboro, James S. Wilson, Pineville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Roy Broshears was convicted of the wilful murder of his wife Beatrice and his punishment was fixed at life imprisonment. Two sisters of Beatrice testified that they saw the thirty-four-year-old Broshears kill his twenty-one-year-old pregnant wife by repeatedly stabbing her with a butcher knife. The only witness for the defense was Broshears. In summary, he testified that he could not remember killing his wife nor could he recall any of the events that transpired on the day of her death except that he had "been drinking and taking some pills."

On this appeal he contends that the trial court committed reversible error: (1) in overruling his motion seeking a psychiatric examination (to be paid for by the Commonwealth) to determine his mental condition at the time he killed his wife; and (2) in instructing the jury.

Broshears was arraigned in circuit court after counsel had been appointed to defend him. Broshears then entered a plea of guilty and his punishment was fixed at life imprisonment. However, Broshears then changed his mind, withdrew his plea of guilty and the court set aside the conviction and assigned the case for a new trial. Thereafter four continuances were granted for the preparation of Broshears' defense. During this period Broshears' counsel moved the court that Broshears be sent to a state mental hospital for observation and examinations to determine his mental condition. This motion was sustained and Broshears was sent to the Central State Hospital with directions for the medical experts to determine (1) his mental condition at the time he killed his wife and (2) whether he was mentally competent to stand trial.

When the trial court was advised that Broshears merely had a behavior problem and was mentally competent to stand trial the case against him was again scheduled for trial. (The formal medical report of the psychiatrist of the Central State Hospital who examined Broshears while he was committed there was not introduced at the trial but is tendered as an exhibit on Broshears' motion to consider it.)

■ On the day of trial Broshears again moved the trial court that he be furnished, at the Commonwealth's expense, another psychiatric examination (specifically this motion asks for a "disinterested examination") in order to ascertain his mental condition at the time he killed his wife. This motion was overruled. Broshears then announced ready for trial. Broshears contends that the overruling of his motion for the second psychiatric examination was error.

In view of the fact that there is no testimony, either lay or expert, that reasonably shows that Broshears was ever of unsound mind and in light of the psychiatric examination given him under the trial court's order which is not directly challenged in any manner, we find no merit in Broshears' contention. In the absence of some reliable proof showing a necessity for another psychiatric examination of Broshears, we believe that Broshears was merely attempting to delay his trial.

■ Broshears next contends that the trial court erred in instructing the jury in that it gave an incorrect definition of insanity which was condemned by this court in Terry v. Commonwealth, Ky., 371 S.W. 2d 862. We agree. Nevertheless, this error does not require a reversal of the conviction since Broshears was not entitled to an instruction on insanity because there was no evidence of it. The instruction on insanity that was gratuitously given by the trial court authorized the jury to acquit Broshears if the jury believed he was of unsound mind at the time he killed his wife or if the jury believed he didn't have sufficient reason to know what he was doing or did not have sufficient reason to know right from wrong, or as a result of mental unsoundness he did not have sufficient power to control his actions by reason of some insane impulse which he could not resist or control. Obviously, the instructions concerning insanity, being exceedingly favorable to Broshears, could not fairly be said to be prejudicially erroneous. See RCr 9.24 and 9.26. We have consistently held that Criminal Rules 9.24 and 9.26 (formerly Criminal Code of Practice, Section 340) require that the error in the instructions must have been prejudicial to the substantial rights of the accused before a reversal of a conviction is authorized. Also see Stanley's Instructions to Juries, Vol. 3, Sections 799, 802 and 1969 Supplement.

The conclusion we have reached makes it unnecessary for us to discuss the Attorney General's request to reconsider the decision we reached in Terry v. Commonwealth, supra.

The judgment is affirmed.

All concur.